E-FILED
Monday, 10 August, 2026 01:20:32 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **JAMES E. PHILLIPS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-3353** |
| | ) | |
| **TAYLORVILLE CORRECTIONAL** | ) | |
| **CENTER,** | ) | |
| **Defendants.** | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed by Plaintiff  James E. Phillips, who has since been released from Taylorville Correctional Center ("Taylorville").

## I.    Screening Standard

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.    Factual Allegations

Plaintiff names Taylorville as the sole Defendant. In this regard, Plaintiff asserts that he suffers from medical ailments that cause him difficulty swallowing food. Plaintiff appends an October 15, 2025, memorandum, signed by Randall Nance, the Assistant Warden of Operations at Taylorville, announcing the end of "Snap" trays for Taylorville inmates. (Doc. 1 at 8.) In this regard, the memorandum explains that "[i]ndividuals in custody are expected to go to dietary if they choose to eat." (*Id.*) The memorandum also lists exceptions to the revised policy for inmates who are on a writ to an outside facility or on "furlough" during their assigned mealtime. In those instances, "arrangements will be made to ensure the [i]ndividual in custody is fed." (*Id.*)

## III.    Analysis

"Section 1983 provides a claim against a person acting under color of law who deprives another of a federal right. 42 U.S.C. § 1983. A municipality is subject to § 1983liability if one of its policies caused the plaintiff's harm." *Swanigan v. City of Chicago*, 881 F.3d 577, 582 (7th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978)).

Plaintiff names Taylorville as the sole Defendant, which does not state a plausible claim. A building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983."). However, even if the Court were to infer that Plaintiff meant to assert a claim against

Assistant Warden of Operations Randall Nance, Plaintiff does not have a constitutional right to have his meals served at the location of his choice while housed at Taylorville.

Consequently, Plaintiff's Complaint is dismissed as it fails to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amendment must be attached to the motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. See Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Furthermore, the Court investigation reveals that Plaintiff is no longer housed at Taylorville. See IDOC Individuals in Custody Search, https://idoc.illinois.gov/ offender/inmatesearch.html, IDOC Number Search for James E. Phillips, No. M27060 (last visited August 8, 2026) (showing Plaintiff's status as "Parole"). However, Plaintiff

has not updated his address as instructed in the Court Notice of Case Opening (Doc. 2).

Plaintiff had fourteen days from the date of the Court's Merit Review Order to update

his address with the Court or risk dismissal of his case for his failure to comply with the

Court's instructions.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. § 1915A(b)(1) for failure to state a federal claim.**

2) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance.**

3) **Plaintiff is DIRECTED to update his address within fourteen days from the date of the Court's Merit Review Order.**

4) **If Plaintiff does not update his address or submit an amended pleading before expiration of the imposed deadlines, the Court will dismiss Plaintiff's case.**

ENTERED August 10, 2026.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE